**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

BOARD OF TRUSTEES of the PLUMBERS,    :
PIPEFITTERS & MECHANICAL
EQUIPMENT SERVICE, LOCAL UNION    :    Case No: 1:14-cv-00037
NO. 392 PENSION FUND; BOARD OF
TRUSTEES of the PLUMBERS, PIPEFITTERS    :
& MECHANICAL EQUIPMENT SERVICE,
LOCAL UNION NO. 392 HEALTH &    :    Judge:
WELFARE FUND; BOARD OF TRUSTEES
of the PLUMBERS, PIPEFITTERS &    :    Magistrate Judge:
MECHANICAL EQUIPMENT SERVICE,
LOCAL UNION NO. 392 SUB FUND; BOARD    :
OF TRUSTEES of the PLUMBERS,
PIPEFITTERS & MECHANICAL EQUIPMENT    :    **COMPLAINT**
SERVICE, LOCAL UNION NO. 392
EDUCATION TRUST FUND; BOARD OF    :
TRUSTEES of the CINCINNATI PLUMBING
AND PIPE FITTING INDUSTRY PROMOTION    :
TRUST FUND; and PLUMBERS, PIPEFITTERS
& MES, LOCAL UNION NO. 392 U.A.,    :

        Plaintiffs,    :
    vs.
            :
PIPING OF OHIO, INC., an Ohio Corporation
            :
        Defendant.
            :

Plaintiffs, the BOARD OF TRUSTEES of the PLUMBERS, PIPEFITTERS &
MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 PENSION FUND, *et al.,*
by and through their attorney, JOSEPH MALLON, complaining of the Defendant PIPING OF
OHIO, INC. ("PIPING") and allege as follows:

**<u>JURISDICTION AND VENUE</u>**

1.    This action arises under Section 502 of the Employee Retirement Income Security Act
(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management

1

Relations Act.  (29 U.S.C. §§ 1132 and 185).  The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and/or the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) for claims that are so related to the federal claims that they arise from the same case or controversy.

2.     Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND, the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 HEALTH & WELFARE FUND, the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 SUB FUND ("TRUST FUNDS"), and the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 EDUCATION TRUST FUND ("EDUCATION FUND") are administered at 1228 Central Parkway, Suite 100, Cincinnati, Ohio 45202 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Ohio, Western Division.

## PARTIES

3.     The Board of Trustees of the TRUST FUNDS is authorized to administer the TRUST FUNDS which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 ("UNION"), and therefore, are multi-employer plans under 29 U.S.C. § 414(f).

4.     The Board of Trustees of the EDUCATION FUND is authorized to administer the EDUCATION FUND.

5.      The BOARD OF TRUSTEES of the CINCINNATI PLUMBING AND PIPEFITTING INDUSTRY PROMOTION TRUST FUND is authorized to administer the CINCINNATI PLUMBING AND PIPE FITTING INDUSTRY PROMOTION TRUST FUND ("INDUSTRY FUND").

6.      The UNION is the bargaining representative of PIPING's bargaining unit employees.

7.      The Defendant PIPING is an Ohio Corporation with its principal place of business in Middleton, Ohio.

## BREACH OF CONTRACT

8.      Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9.      The Defendant PIPING is an employer engaged in an industry affecting commerce which agreed to be bound by the provisions of the Collective Bargaining Agreement ("CBA") negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action.  (A copy of the Current CBA and Signature Page is attached as Exhibit 1).

10.     Through the Local 392 CBA, the Defendant PIPING also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS, the EDUCATION FUND and the INDUSTRY FUND (hereinafter referred to as the "Trust Agreements").

11.     Pursuant to the provisions of the CBA, the Defendant PIPING is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "Contribution Reports") and pay contributions to the TRUST FUNDS on the basis of hours paid and to the EDUCATION FUND and INDUSTRY FUND on the basis of hours

worked at the rates specified in the Collective Bargaining Agreement and the Trust Agreements.   The monthly reports and contributions during all times relevant were to be received or postmarked on or before the 15th day (or the first legal banking day thereafter) of the calendar month following the month during which the work was performed.

12.     Pursuant to the provisions of the CBA, the Defendant PIPING is required to deduct 2.25% of paid wages for UNION dues plus an additional 4% check-off of paid wages for plumbers and pipe fitter journeyman, and mechanical equipment service journeyman for Local No. 392 Equality and Stabilization Program (hereinafter collectively referred to as "check-off deductions").  These check-off deductions are to be included as deductions on the monthly Contribution Reports.   The monthly reports and check-off deductions were to be received or postmarked on or before the 15th day (or the first legal banking day thereafter) of the calendar month following the calendar month during which the work was performed.

13.     Pursuant to the provisions of the Local 392 CBA, the Defendant PIPING is required to deduct 8% of paid wages for submission to the UNION administered Vacation & Savings Plan.  A remittance report and the deducted wages were to be received or postmarked by the bank on or before the 15th day (or the first legal banking day thereafter) of the calendar month following the calendar month during which the work was performed.

14.     Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS and EDUCATION FUND on a timely basis are responsible for the payment of liquidated damages equal to 8% of the amount unpaid plus

4

any reasonable attorney's fees and costs of enforcing the payment of any contributions to the TRUST FUNDS and EDUCATION FUND.

15. Pursuant to the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 8% of the amount unpaid plus any reasonable attorney's fees and costs of enforcing the payment of any contributions to the INDUSTRY FUND.

16. Defendant PIPING failed to submit the Contribution Report and the associated payment for the month of November 2013.

17. As a result of the unpaid contributions referenced in paragraph 16, PIPING also owes liquidated damages for the month of November 2013 in an unknown amount.

18. Defendant PIPING failed to submit Contributions Reports and the associated payments in a timely manner for the months of July, August, September, October 2013 in violation of the CBA and Trust Agreements. As a result, Defendant PIPING owes liquidated damages in the amount $2,680.97.

19. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing by the Defendant PIPING.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. Defendant PIPING is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs pray:

A.      That an Order be entered requiring PIPING to submit the Contribution Reports for the month of November 2013;

B.      That Judgment be entered in favor of Plaintiffs and against Defendant PIPING for unpaid contributions, check-off and wage deductions owed for the month of November 2013;

C.      That Judgment be entered in favor of Plaintiffs and against Defendant PIPING for liquidated damages for the months of July through November 2013;

D.      That Judgment be entered in favor of Plaintiffs and against Defendant PIPING for whatever contributions, wage deductions, wages, liquidated damages, and check-off deductions that are found to be due and owing in addition to the amounts referenced in Paragraphs A through C above;

E.      That Judgment be entered in favor of Plaintiffs and against PIPING for any and all attorney's fees and costs incurred by the Plaintiffs in bringing this suit pursuant to the Local 392 CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

F.      That this Court enter an Order which requires PIPING to comply with all of its obligations pursuant to the CBA and Trust Agreements, including but not limited to the timely payment of contributions, check-off and wage deductions; and

G.      That Plaintiffs have such other and further relied as the Court may deem just and equitable all at the Defendant's cost pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

/s/  Joseph E. Mallon
Joseph E. Mallon (0085786)
*Trial Counsel for Plaintiffs*
Johnson & Krol, LLC
300 S. Wacker Dr., Suite 1313
Chicago, Illinois 60606
(312) 372-8587 x223
Fax: (312) 255-0449
mallon@johnsonkrol.com